# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| MARILYN M. WILLIAMS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:22-CV-467-HEA |
| TSI GLOBAL, | ) ) ) |
| Defendant. | ) ) |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on the motion of *pro se* plaintiff Marilyn M. Williams for leave to proceed *in forma pauperis* in this employment discrimination action. Having reviewed the motion and the financial information therein, the Court has determined to grant the motion. Additionally, the Court will dismiss this action, without prejudice, and will deny as moot plaintiff's motion to appoint counsel.

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if, *inter alia*, it fails to state a claim upon which relief can be granted.  An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense.  *Id*. at 679.  The court must assume the veracity of well-pleaded facts, but

need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly,* 550 U.S. at 555).

This Court liberally construes complaints filed by laypersons. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even *pro se* complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States,* 508 U.S. 106, 113 (1993).

**The Complaint**

Plaintiff initiated this lawsuit on April 25, 2022 by filing an employment discrimination complaint against TSI Global. She prepared the complaint using a Court-provided form, and placed check marks indicating she believes she suffered discrimination on the basis of race and gender. She did not identify her race. Plaintiff did not specify the basis of this lawsuit, but the Court can liberally construe the complaint as filed pursuant to Title VII of the Civil Rights Act of 1964.

Plaintiff avers the discrimination occurred on July 2, 2019. She avers she filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") in "[l]ast quarter of 2019." (ECF No. 1 at 3). She placed a check mark to indicate she has not yet received a Right-to-Sue letter.

Plaintiff placed check marks to identify the alleged misconduct as involving termination of employment, differing terms and conditions of employment, retaliation, and harassment. In the section of the form complaint provided for plaintiff to state the essential facts of her claim, plaintiff wrote: "I was terminated without cause." *Id.* at 5. She alleged no facts in support. Attached to the complaint is a copy of a "Notice of Termination" that contains the following statement: "Marilyn has been requested to return to the training center." (ECF No. 1-3). For her request for relief, plaintiff wrote: "Re examin[e] facts from July 2019." (ECF No. 1 at 7).

## Discussion

Title VII prohibits employment discrimination because of race, color, religion, sex, or national origin. In order to state a claim under Title VII, a plaintiff must show either direct evidence of discrimination, or evidence that is sufficient to create an inference of discrimination under the *McDonnell Douglas*[1] burden shifting framework. *Onyiah v. St. Cloud State University,* 684 F.3d 711, 716 (8th Cir. 2012) (citation omitted). Under that framework, a plaintiff must show: (1) she is a member of a protected class; (2) she was meeting her employer's legitimate job expectations; (3) she suffered an adverse employment action; and (4) similarly situated employees outside the protected class were treated differently. *Id.* (citation omitted).

In this case, plaintiff states she suffered an adverse employment action, and based upon her first name, her membership in one of the protected classes she identifies could arguably be presumed. However, plaintiff makes no attempt to establish the remaining elements. Instead, she offers her conclusory assertion that she was terminated "without cause," (ECF No. 1 at 5), and provides an attachment indicating she "has been requested to return to the training center."

---

[1] *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).

3

(ECF No. 1-3). The Court also notes that plaintiff indicates she has yet to receive a Right-to-Sue letter, leaving it unclear whether the administrative proceedings are complete.

Plaintiff prepared the complaint using a Court-provided form, which specifically instructs her to, *inter alia*, state the essential facts of her claim, and specifically describe the conduct she believes was discriminatory. She failed to do so, and this Court cannot assume facts that are not alleged. *Stone*, 364 F.3d at 914-15. Accordingly, this action will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion seeking leave to commence this action without prepaying fees or costs (ECF No. 3) is **GRANTED**.

**IT IS FURTHER ORDERED** that this case is **DISMISSED** without prejudice. A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that plaintiff's Motion to Appoint Counsel (ECF No. 2) is **DENIED** as moot.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this 1st day of August, 2022.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE